IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICK TODD LAWSON, TDCJ # 1620332, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-10-1272 |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, | § § § § | |
| Defendant. | § § | |

**ORDER OF DISMISSAL**

Nick Todd Lawson, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit complaining of injuries he sustained during an epileptic seizure while in pretrial custody of the Harris County Sheriff's Department. At the Court's request, plaintiff has also provided a more definite statement of the facts supporting his claims.

Based on the Court's consideration of the pleadings, the record, and the applicable law, this lawsuit is **DISMISSED** for the reasons that follow.

### I. Background

Plaintiff alleges that, while being processed for jail at the Harris County Sheriff's Department, he suffered a seizure. He states that, when the seizure stopped, he found himself restrained in a hospital with a broken arm and facial bruising. He claims that the Harris County Sheriff's Department employees over-reacted or inappropriately reacted to his seizure, resulting in his physical injuries. He does not assert that the officers used excessive

force or that they were deliberately indifferent to his health or safety; rather, the factual basis of his claim is that he had a seizure and "woke up" in the hospital with his injuries. Plaintiff contends that the Sheriff's Department is liable for his injuries because he has had five seizures over the past six months and never injured himself.

Plaintiff sues the Harris County Sheriff's Department for ten million dollars in compensatory damages.

## II. Analysis

Because plaintiff filed his complaint while he was incarcerated in the Travis County State Jail, this case is governed by the Prison Litigation Reform Act (PLRA). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A.  The Defendant

Plaintiff names only the Harris County Sheriff's Department as a defendant in this lawsuit. Plaintiff cannot pursue his civil rights claims against the Harris County Sheriff's Department, as it lacks the requisite capacity to be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). In Texas, a county sheriff's department is not a legal entity capable of being sued, absent express action by the superior corporation – Harris County, in the instant case – to grant the servient agency with jural authority. *Darby*

*v. Pasadena Police Dep't*, 939 F.2d 311, 313–4 (5th Cir. 1991). Because it is merely a department within Harris County, the sheriff's department does not have a separate legal existence and cannot be a proper party to this lawsuit. Accordingly, plaintiff has failed to name a proper party as defendant in this lawsuit and he fails to state a claim upon which relief may be granted.

To any extent a "liberal construction" of plaintiff's complaint would allow the Court to substitute, *sua sponte*, Harris County as a proper defendant, plaintiff fails to state a viable claim against the county. To prevail on a claim against Harris County, plaintiff must show "a policy, custom, or rule (or lack thereof) of the [County] that permitted or caused the act or omission." *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). There must be a direct causal link establishing that "an official policy promulgated by the [County's] policymaker was the moving force behind, or actual cause of, the constitutional injury." *See James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). Plaintiff asserts none of these essential allegations, and no cognizable section 1983 claim is stated against Harris County.

B. <u>Exhaustion</u>

Under the PLRA, an inmate is required to exhaust administrative remedies for all actions brought with respect to prison conditions before filing a civil rights suit in federal court under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a). The Supreme Court has held repeatedly that this provision requires exhaustion of all administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also*

3

*Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). To the extent that plaintiff's complaint concerns the conditions of his confinement or his treatment while in custody of the Harris County Sheriff's Department, the exhaustion requirement found in the PLRA applies to his claims.

The Harris County Sheriff's Department has a three-step grievance process that allows all persons in custody to attempt informal resolution of grievances, followed by the filing of a formal grievance, and then an appeal. *See, e.g., Lane v. Harris County Medical Dep't*, C.A. No. H-06-0875, 2006 WL 2868944, *3 (S.D. Tex. 2006), *aff'd*, No. 06-20935, 2008 WL 116333 (5th Cir. 2008). Plaintiff states here that he exhausted his administrative remedies by filing an I-60 with the Harris County Sheriff's Department and then filing an I-127 with the Texas Department of Criminal Justice. (Docket Entry No. 6, p. 2.) This does not evince proper exhaustion of his claims. Thus, even assuming plaintiff were to have stated a viable section 1983 claim against a proper defendant, his claims would be subject to dismissal, at the appropriate time, for failure to exhaust.

### III. Conclusion

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim. Any and all

pending motions are **DENIED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on this the 13th day of January, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE